[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT (#130.00)
I
The plaintiff's motion for deficiency judgment is denied because the plaintiff failed to establish a difference between the valuation for the mortgaged property and the plaintiff's claim as is required by Connecticut General Statutes 49-14.
 II
On August 13, 1990, a judgment of foreclosure by sale was entered for the commercial property located at 980 Hope Street, Stamford, Connecticut. Judge Cioffi found the value of the property to be $700,000 and ordered a foreclosure by sale.
On October 20, 1990, the property was sold to the mortgagee.
On February 4, 1991, defendant George Terenzio filed an appearance and objected to the sale of the premises and moved to set aside the sale. Judge Katz vacated the prior judgment of foreclosure by sale and entered a judgment of strict foreclosure. The court reset the value of the premises at $700,000. The court set March 12, 1991 as the law day. On March 12, 1991, title became absolute in the plaintiff.
On March 12, 1991 plaintiff moved for deficiency judgment in support of its motion, the plaintiff submitted an affidavit of debt in the amount of $635,006.09. The plaintiff also offered the testimony of an appraiser who testified that the value of the premises on the plaintiff's law day was $520,000. This amount is $180,000 less than the value set by Judge Katz at the judgment of strict foreclosure, one month earlier.
 III
Implicit in C.G.S. 49-14 is the requirement that the party seeking a deficiency judgment satisfy his burden of proof regarding the fair market value of the property as of the date title vests in him. Eichman v. JJ Building, 216 Conn. 443, 445
(1990). This section does not mandate that the court must determine a value for a piece of property when the plaintiff has not satisfied his burden of proof by providing credible evidence. Id. at 449. The deceleration of the credibility of expert witnesses and the weight to be accorded their testimony is within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible. Id. at 751, 752.
While [Connecticut courts] have held that the trial court CT Page 6977 may set the property value at a compromise figure when confronted with conflicting expert testimony as to valuation, the court has never held that the court must do so in the absence of any credible evidence. Id. at 552.
The value of 980 Hope Street on the date that title became vested in the mortgagee was set by Judge Cioffi at $700,000 when he ordered a foreclosure by sale. The value of 980 Hope Street was reset by Judge Katz at $700,000 when she vacated the prior judgment of foreclosure by sale and entered a judgment of strict foreclosure. One month after the judgment of strict foreclosure, the plaintiff provided evidence in a motion for deficiency judgment that the property was valued at $180,000 less than it had been valued one month earlier.
This court, as trier of fact, does not deem credible the testimony provided by the plaintiff's expert witness that the property value dropped $180,000 in one month.
The court therefore finds the value of the property to be $700,000 as the last credible value of the property.
The motion for deficiency judgment is denied.
KARAZIN, J.